IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMONA BROOMER, | : | |
| Plaintiff, | : | 4:09-cv-27 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LOCK HAVEN UNIVERSITY OF PENNSYLVANIA, et al., | : | Hon. Thomas M. Blewitt |
| | : | |
| Defendants. | : | |

# MEMORANDUM

March 28, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 99) filed on February 7, 2012, which recommends that the Defendants' Motion for Summary Judgment (Doc. 67) be granted with respect to Plaintiff's Title VII race discrimination claim against Defendants Loch Haven University of Pennsylvania ("LHUP") and Pennsylvania State System of Higher Education ("PSSHE"). The Magistrate Judge also recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law defamation claim against Defendant Christine Woodworth ("Woodworth").

On February 22, 2012, Plaintiff Ramona Broomer ("Plaintiff" or "Broomer") filed objections to the R&R (Docs. 100 and 101) to which the Defendants have

responded. (Doc. 105). Accordingly, this matter is ripe for our review and disposition. For the reasons that follow, the Court shall adopt the R&R in its entirety.

I.     STANDARD OF REVIEW[1]

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

II.    FACTUAL BACKGROUND

The material facts are familiar to the Court and the parties and, as such, we refer the reader to pages 9 to 13 of the R&R for a full factual recitation. For the

---

[1] Magistrate Judge Blewitt set forth the standard applied to summary judgment motions at pages 5-7 of the R&R.

purposes of this Memorandum, the facts can be simply summarized as follows.

Plaintiff is an African American woman employed as an Assistant Professor in the Theater Department at LHUP. The remaining Defendants in this action are LHUP, Woodworth, a faculty member at LHUP, and PSSHE. The remaining claim are Plaintiff's Title VII racial discrimination claim against LHUP and PSSHE and a state law defamation claim against Woodworth.[2] Simply stated, Plaintiff alleges that she was discriminated against on the basis of her race and suffered an adverse employment action as a result of being removed from her costume designer responsibilities for three semesters.

## III. DISCUSSION

As noted above, Magistrate Judge Blewitt recommends that summary judgment be granted with respect to Broomer's remaining Title VII claim, which is a racial discrimination claim resulting in the temporary loss of her duties of head costume designer of the theater department for 3 semesters. Broomer objects to this conclusion by the Magistrate Judge.

It is well settled that to establish a *prima facie* case of racial discrimination, a plaintiff must show that (1) he or she belongs to a protected class, (2) that he or

---

[2] By Memorandum and Order dated November 9, 2009, we dismissed all of the other claims brought by Plaintiff, including claims under 42 U.S.C. §§ 1981 and 1983.

she suffered an adverse employment action (3) under circumstances leading to an inference of unlawful discrimination.  *See Jones v. Sch. Dist. of Philadelphia*, 198 F. 3d 403, 410 (3d Cir. 1999).  Magistrate Judge Blewitt determined that Plaintiff has failed to establish a *prima facie* case because she has failed to show she suffered an adverse employment action by being removed from her costuming responsibilities for several semesters.[3]

An adverse employment action is one "that is 'serious and tangible enough to alter an employee's compensation, terms, conditions or privileges of employment.'" *Storey v. Burns Int'l Sec. Servs.,* 390 F. 3d 760, 764 (3d Cir. 2004)(quoting *Cardenas v. Massey,* 269 F. 3d 251, 263 (3d Cir. 2001)).  To be sure "[n]ot everything that makes an employee unhappy is an actionable adverse action.'" *Smart v. Ball State Univ.*, 89 F. 3d 437, 441 (7th Cir. 1996).  Although "formal reprimands that result in a notation in an employee's personnel file" can support a finding of adverse employment action, *Robinson v. City of Pittsburgh,*, 120 F. 3d 1286, 1298 (3d Cir. 1997), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, this is true only if they significantly change an

---

[3] In both the summary judgment motion and now in her objections, Plaintiff asserts various other forms of adverse employment actions suffered by her, however it is clear from our prior rulings in this matter (Doc. 37) that the Plaintiff's claim is cabined to her contention that the adverse employment action suffered by her was the temporary loss of her duties as costume designer.

employee's employment status. *Haynes v. Level 3 Commc'ns LLC,* 456 F. 3d 1215, 1224 (10th Cir. 2006).

Plaintiff contends that inability to serve as costume designer for five main stage productions at LHUP from spring semester 2006 through the spring semester of 2008. It is undisputed that she resumed her costuming duties for the main stage in the fall of 2008 with the production of *The Complete Works of William Shakespeare* and her duties have remained uninterrupted to date. Defendants assert that this temporary change in Plaintiff's duties did not affect her position or employment status in any way. She was not demoted and lost no salary as the result of the temporary suspension of her duties. Plaintiff speculates that the suspension of her costume designer duties may affect her chances for a future promotion because her portfolio will contain less costumes, but there is no current evidence showing that she was refused a promotion or denied a pay raise because of the temporary loss in duties.

Magistrate Judge Blewitt concludes that, based on the undisputed facts that the temporary loss of Plaintiff's duties as costume designer does not rise to the level of an adverse employment action actionable under Title VII. We agree with the Magistrate Judge. The temporary change in Plaintiff's duties did not effect her position, pay, or employment status in any way. She was not demoted. She lost no

salary.  While Plaintiff might have experienced a "dent" in her portfolio, she has presented no evidence to show that she has been actually harmed by the temporary loss of her costume designer duties.

Accordingly, based on all of the foregoing, we shall adopt Magistrate Judge Blewitt's recommendation that summary judgment be granted with respect to Plaintiff's Title VII claim.  Further, because Plaintiff's claim against Defendant Woodworth is based on solely state law, and since we are granting summary judgment on the federal claim of original jurisdiction, we shall decline to entertain supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(3) and it shall be dismissed.  An appropriate Order shall issue.